of the controlled party."); *see also Ferber v. Travelers Corp.*, 785 F.Supp. 1101, 1111 (D.Conn. 1991) ("claims for secondary liability must be dismissed when primary violation claims are dismissed"); *Goodman v. Shearson Lehman Bros., Inc.*, 698 F.Supp. 1078, 1086 (S.D.N.Y.1988) (holding that the plaintiff could not maintain controlling person liability against individuals after the court had dismissed the claims against the controlled company).

Here, the Court does not find that plaintiffs are entitled to summary judgment on their securities fraud claim. Therefore, the court cannot find control person liability on the part of Grossman.

## Conclusion

Accordingly, plaintiffs' partial motion for summary judgment on their claims under § 10(b) of the Act; Rule 10b-5 promulgated thereafter; and § 20(a) of the Act is denied.

SO ORDERED.

DATED:     Brooklyn, New York
           February 26, 2007


_____/s/_____
DORA L. IRIZARRY
United States District Judge