UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MEIR BABAEV and MICHAEL ARBIV,  :
:
:
Plaintiffs,  :
:
-against-  :  **SUMMARY ORDER**
:  03-CV-5076 (DLI) (WDW)
RICHARD GROSSMAN, RICHARD STUART  :
CATERERS, LTD., and RICHARD STUART  :
KOSHER CATERERS, LTD.,  :
:
Defendants,  :
:
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On February 26, 2007, the court issued a Memorandum and Order ("February 26 Order") denying plaintiffs Meir Babaev and Michael Arbiv's ("Plaintiffs'") motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, on their claims under § 10(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j; Rule 10b-5 promulgated thereunder; and § 20(a) of the Act, 15 U.S.C. § 78t. *See Babaev v. Grossman*, No. 03-CV-5076 (DLI)(WDW), 2007 WL 633990 (E.D.N.Y. Feb. 26, 2007).

Plaintiffs now move to reargue the February 26 Order. Defendants Richard Grossman, Richard Stuart Caterers, Ltd., and Richard Stuart Kosher Caterers, Ltd. ("Defendants"), in turn, request that the court correct a fact allegedly misstated in its February 26 Order. For the reasons stated below, Plaintiffs' motion is denied, and Defendants' request is granted.

## I.     Motion for Reargument Standard

Motions for reconsideration or reargument are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration or reargument] is strict, and reconsideration [or reargument] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 04-CV-4165 (ADS)(AKT), 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. June 29, 2007) (citation omitted). Reconsideration or reargument is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration or reargument motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the

original motion was resolved"). In the interests of finality, Local Civil Rule 6.3 requires that "[a] notice of motion for reconsideration or reargument. . . be served within ten (10) days after the entry of the court's determination of the original motion."

II. **Plaintiffs' Motion for Reargument is Denied**

Plaintiffs' application for reargument is untimely. The court issued the challenged order on February 26, 2007. Plaintiffs filed their reargument papers on March 19, 2007, well beyond the ten-day deadline imposed under Local Civil Rule 6.3. Furthermore, Plaintiffs have not identified any points or controlling decisions the court overlooked; nor have they cited any intervening change in the applicable law, submitted new evidence, or demonstrated a need to correct a clear error or prevent manifest injustice. *See Shrader*, 70 F.3d 257, *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Rather, Plaintiffs argue that the court did not give proper weight to certain documents and testimony that were in evidence before the court at the time of its determination. In effect, Plaintiffs merely seek to relitigate points made in their initial moving papers, which they are not permitted to do. *See In re Houbigant, Inc.*, 914 F. Supp. at 1001.

Accordingly, Plaintiffs' motion for reargument is denied.

III. **Amendment to February 26 Order**

Defendants, in turn, request that the court correct an alleged misstatement in its February 26 Order: "Defendants do not deny receipt of notice from the Temples that defendants were allegedly in breach of their respective catering agreements (hereinafter 'Default Notices')." *See* Babaev, 2007 WL 633990, at *2. Defendants assert that they only received a default notice in 2001 from Merrick Jewish Centre and not from Temple Chaverim of Long Island, as stated in the quoted sentence. Accordingly, Defendants

request that this court amend its February 26 Order to reflect this fact. The court hereby amends the challenged sentence in its February 26 Order to read "Defendants do not deny receipt of at least one notice from the Temples that defendants were allegedly in breach of their respective catering agreements (hereinafter 'Default Notice')." The court further hereby amends the Order to state "Default Notice" in the singular form where "Default Notices" in the plural form is written.

IV. **Conclusion**

For all of the foregoing reasons, Plaintiffs' motion for reargument is denied. Defendants' request that the court amend its February 26 Order is granted as described above.

SO ORDERED.

DATED:  Brooklyn, New York
        October 26, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge