```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MEIR BABAEV and MICHAEL ARBIV,
                        Plaintiff(s),
                                                            REPORT AND
        -against-                                           RECOMMENDATION

RICHARD GROSSMAN, RICHARD STUART                            CV 03-5076 (DLI)(WDW)
CATERERS, LTD., and RICHARD STUART
KOSHER CATERERS, LTD.,
                        Defendant(s).
-----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

On 10/20/08, the undersigned heard oral argument and issued an order allowing the withdrawal of defense counsel. DE[85]. The order noted that the two corporate defendants could not proceed pro se and gave them until 11/20/08 to retain counsel or risk entry of a default judgment. A conference was scheduled for 11/21/08 and the defendants were warned that "failure to appear will result in a recommendation . . . to Judge Irizarry that a default judgment be entered against them for failure to comply" with a court order. At the conference on 11/21/08, Richard Grossman appeared on behalf of himself, and no counsel appeared on behalf of the two corporate defendants. Mr. Grossman, a principal in the two corporations, was told again that the corporate defendants can only appear by counsel. *See Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (holding that 28 U.S.C. §1654 precludes a corporation from appearing through a lay representative).

A conference was scheduled for 12/5/08 with the admonition that the "**two corporate defendants must have new counsel appear at the next conference. Failure to do so will result in the recommendation of a default judgment.**" DE[87] (bolding in original). Mr. Grossman appeared at the 12/5/08 conference, but no counsel for the corporate defendants

appeared. The undersigned thus recommends that a default judgment be entered against Richard Stuart Caterers, Ltd. and Richard Stuart Kosher Caterers, Ltd.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants by certified mail, return receipt requested, and to fax a copy of it if possible, and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 10, 2008

                                                  s/ William D. Wall
                                                  WILLIAM D. WALL
                                                  United States Magistrate Judge